

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Steve Haley
General Counsel
Texas Department of Agriculture
P. O. Box 12847
Austin, Texas    78711

Opinion No. MW-575

Re:  Whether pesticide com-
plaint investigation files
held by the Department of
Agriculture    are    public
information under the Open
Records Act

Dear Mr. Haley:

You have requested our opinion as to whether pesticide complaint investigatory files held by the Texas Department of Agriculture are available to the public.

The Department of Agriculture has broad regulatory responsibility for the state's pesticide programs. See, e.g., Tex. Agriculture Code §§75.003 (department may determine whether chapter 75 applies to a substance); 75.018 (department may promulgate rules under chapter 75); 76.047 (department may deny or cancel use of a regulated pesticide); 76.075 (department may require a licensed pesticide dealer to submit records); 76.116 (department may suspend, modify or revoke any provision in the license of a certified applicator); 76.153 (department may issue a stop-sale order regarding use of a pesticide); 76.154 (department may sue to enjoin violation of any provision of chapter 76); 76.155 (department may request a prosecuting attorney to prosecute a violation of any provision of chapter 76).

The Department of Agriculture is not a law enforcement agency, since its "function is essentially regulatory in nature," even though it is charged with the duty of enforcing its own statutes.  Open Records Decision No. 199 (1978).  Thus, the usual standards under section 3(a)(8) applicable to a law enforcement agency in determining public access to closed or open files, see Open Records Decision Nos. 127 (1976) and 252 (1980), do not apply to the department.

When an investigatory file is open, however, and there exists a reasonable probability of criminal prosecution, even a non-law enforcement agency may be able to claim the section 3(a)(8) exception as to that file.  Open Records Decision No. 297, 286 (1981).  Likewise, as to files which have been closed, whether by prosecution or by administrative determination, the department is entitled to claim an exception under section 3(a)(8) as to any portion of such

files which a law enforcement agency has determined that release "would unduly interfere with law enforcement and crime prevention." Open Records Decision Nos. 313 (1982); 297 (1981). See Ex parte Pruitt, 551 S.W.2d 706 (Tex. 1977). The law enforcement agency must demonstrate how and why release of the information would unduly interfere with law enforcement, unless the information on its face reveals this. Open Records Decision No. 313 (1982).

As to open investigatory files which relate to civil, rather than criminal, matters, the Department of Agriculture may withhold all information relevant to the particular file so long as the attorney for the department determines that it should be withheld from public inspection in accordance with section 3(a)(3) of the Open Records Act. The attorney must find that litigation is reasonably likely to result and that the particular information to be withheld is relevant to that litigation. See Open Records Decision Nos. 311 (1982); 289 (1981); 139 (1976). Since section 3(a)(3) is applicable only to pending or potential litigation, however, the exception may not be invoked after a file has been closed, whether by prosecution or otherwise. If a dispute arises about the application of 3(a)(3) to a particular file, the matter should be referred to this office. V.T.C.S. art. 6252-17a, §7.

The informant's privilege under section 3(a)(1) is applicable not only to law enforcement agencies, but also to "administrative officials having a duty of inspection or law enforcement within their particular spheres." Open Records Decision Nos. 285 (1981); 279 (1981). As we have previously observed, "unless [informant] confidentiality is maintained, voluntary citizen cooperation with law enforcement investigations might be compromised." Open Records Decision No. 285 (1981). Thus, even as to a closed civil file, the Department of Agriculture may withhold the names of informants where it deems such action necessary to promote future citizen cooperation. Whether the privilege may also be extended to the contents of a statement made by an informant depends upon the circumstances of each particular statement and accordingly, must be determined on a case-by-case basis. See Open Records Decision No. 285 (1981).

### S U M M A R Y

Pending pesticide complaint investigatory files
held by the Texas Department of Agriculture may
generally be withheld from public disclosure under
section 3(a)(3) of the Open Records Act.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger